**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>ENDO SURGICAL CENTER OF<br>NORTH JERSEY, P.C.,<br><br>Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 18-10752-VFP<br><br>Judge Vincent F. Papalia<br><br>**Hearing Date: October 29, 2020**<br>**Hearing Time: 11:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF**
**SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Small Business Plan of Reorganization (the "Plan") [ECF Doc. No. 404]. In support thereof, the Service respectfully represents as follows:

**RELEVANT BACKGROUND**

1. Endo Surgical Center of North Jersey, P.C. (the "Debtor") filed a

voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 13, 2018 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtor has unpaid federal tax liabilities for multiple tax years ending before the Petition Date. *See* Case No. 18-10753, Claim No. 7-4. The Debtor has also failed to file the following federal tax returns: Forms 1120 for the following periods: (a) tax year 2015 and (b) tax year 2018 (collectively, the "Delinquent Federal Returns"). *Id.*; Case No. 18-10753, Claim No. 32-4 (Administrative Claim of Internal Revenue Service)

3. In addition to the Debtor's failure to file the Delinquent Federal Returns, it has failed to make required federal tax payments, including deposits under Forms 940 and 941 ***since 2018***. This has resulted in unpaid post-petition liabilities of $48,653.60 (the "Post-Petition Liability"). *See* Case No. 18-10753 Claim No. 32-4 (Administrative Claim of Internal Revenue Service).

4. On account of the Debtor's prepetition liability, the Service filed a proof of claim against the Debtor in the total amount of $434,985.56 (the "Prepetiton Service Claim") consisting of: (i) a priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $309,343.87[1] (the "Priority Claim"); and (ii) a general unsecured claim in the amount of $125,641.69 (the "Unsecured Claim"). *See* Case No. 18-10753, Claim No. 7-4.

5. For the reasons discussed below, the Plan is not presently confirmable.

---

[1] This amount is currently estimated because, as noted above, the Debtor has failed to file federal tax returns for all periods entitled to priority under 11 U.S.C. § 507(a)(8).

2

## OBJECTION

### A. The Plan is Not Confirmable Because it Fails to Adequately Provide for the Service's Priority Claim

6.  With respect to the Priority Claim, Bankruptcy Code section 1129(a)(9)(C) requires full payment in cash (plus post-confirmation interest) within five-years of the Petition Date.  11 U.S.C. § 1129(a)(9)(C) *id.* § 1191(a) (incorporating section 1129(a)(9)'s confirmation requirements into Subchapter V cases); *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir. 1986) ("Section 1129(a)(9)(C) provides that a debtor seeking confirmation of a reorganization plan under Chapter 11 may only defer the payment of priority tax claims if the creditor who is forced to accept the deferred payments receives interest on its claim in an amount that renders the deferred payments equivalent to the present value of its claim.").

7.  Here the Plan does not provide for the payment of post-confirmation interest on the Priority Claim at the applicable rate as required by section 1129(a)(9)(C).[2]  *See* Plan, Part 1.6.  Unless the Plan is revised to comply with section 1129(a)(9)(C), it is not confirmable.

8.  To be clear, before the amount of the Priority Claim can even be determined with certainty (or the feasibility of the Plan assessed), the Debtor must

---

[2] As noted above, the interest rate currently applicable to federal taxes is 3%.  *See* 11 U.S.C. § 511(a)-(b).

file the Delinquent Federal Returns.  As explained below, the failure to file those returns provides an independent basis to deny confirmation of the Plan.

### B. **The Plan is Generally Unconfirmable Based on the Debtor's Failure to File Tax Returns**

9.    As noted above, the Debtor has not filed the Delinquent Federal Returns.  Case No. 18-10753, Claim No. 7-4; Case No. 18-10753, Claim No. 32-4 (Administrative Claim of Internal Revenue Service).  Unless and until those returns are filed, the Plan cannot be confirmed. 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . ."); *id.* § 1184 (requiring small business debtors under Subchapter V to comply with the requirements of section 1106(a)(6) of the Bankruptcy Code)*id.* § 1129(a)(2) (chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *id.* § 1191(a) (applying Bankruptcy Code section 1129(a)(2)'s confirmation requirement to cases under Subchapter V); *see also Brennan v. First Jersey Secs., Inc.*, 187 B.R. 135, 148 (Bankr. D.N.J. 1995) (explaining that Bankruptcy Code sections 1106(a)(6) and 1107(a) impose a duty on debtors in possession to file required tax returns).

4

C. **The Plan is Not Confirmable Based on the Debtor's Failure to Adequately Pay Post-Petition Tax Liabilities**

10.  As noted above, following the Petition Date, the Debtor incurred, and failed to pay, significant post-petition federal tax liabilities totaling $48,653.60. *See* Case No. 18-10753, Claim No. 32-4 (Administrative Claim of Internal Revenue Service). Unless the Debtor satisfies these post-petition liabilities, the Plan cannot be confirmed.[3] 11 U.S.C. § 1112(b)(4)(I) (requiring debtors to "timely pay taxes owed after the date of the order for relief" or face conversion or dismissal of case); *id.* § 1191(a) (failing to except requirements of section 1112 from cases under Subchapter V); *id.* § 1129(a)(2) (providing that chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *id.* § 1191(a) (applying Bankruptcy Code section 1129(a)(2)'s confirmation requirement to cases under Subchapter V).

11.  Although the Plan states that these post-petition liabilities will eventually be paid, it proposes to do so over a period of five years. *See* Plan, Part 1.6. This proposed treatment ignores the fact that these post-petition liabilities are ***administrative claims*** asserted under 11 U.S.C. § 503. *See* Case No. 18-10753, Claim No. 32-4 (Administrative Claim of Internal Revenue Service)). Such claims must be paid in full ***on the effective date of the Plan*** unless the claimant agrees to different treatment. 11 U.S.C. § 1129(a)(9)(A); *id.* § 1191(a) (incorporating

---

[3] Even putting aside the requirements of confirmation, the Debtor's failure to promptly satisfy its post-petition tax liabilities provide a basis to convert or dismiss this case. 11 U.S.C. § 1112(b)(4)(I).

5

section 1129(a)(9)'s confirmation requirements into Subchapter V cases). Here, the Service has not agreed to less favorable treatment, which forecloses confirmation of the Plan.

12. To be clear, before the amount of the Debtor's post-petition liabilities can even be determined with certainty, the Debtor must file the Delinquent Federal Returns. As explained above, the failure to file those returns provides an independent basis to deny confirmation of the Plan.

### D. The Plan Cannot Impermissibly Restrict Remedies Upon Default

13. In the event of a post-confirmation default, the Plan is silent as to creditors' remedies. This issue must be clarified so as not to unduly restrict creditors' rights upon default. *See, e.g.*, *In re Troutman Enters., Inc.,* 253 B.R. 8, 11 (B.A.P. 6th Cir. 2000) ("If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction.") (emphasis added); *In re Jordan Mfg.*, 138 B.R. 30, 37 (Bankr. C.D. Ill. 1992) (recognizing that in the event of a plan default, in addition to remedies under the Bankruptcy Code, "[t]he other remedy is for a creditor to resort to state court remedies, *bypassing the bankruptcy court completely*.") (emphasis added).

14. To address this issue, the Plan (or confirmation order) should be revised to clarify that following an uncured material default, the Service may enforce the Debtor's Plan obligations by taking action in *any* appropriate forum including administrative collection procedures.

6

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: September 30, 2020

                                         CRAIG CARPENITO
                                         United States Attorney

                                         */s/ Eamonn O'Hagan*
                                         EAMONN O'HAGAN
                                         Assistant U.S. Attorney

                                         *Attorneys for the*
                                         *United States of America*