UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue
Roseland, NJ 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Counsel to William Focazio, MD, P.A. and*
*Endo Surgical Center of North Jersey, P.C.,*
*Reorganized Chapter 11 Debtors and Debtors-in-Possession*



**Order Filed on September 27, 2021**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

WILLIAM FOCAZIO, MD, P.A. and ENDO
SURGICAL CENTER OF NORTH JERSEY, P.C.

Debtors.

Case No. 18-10752 (VFP)
Jointly Administered

Chapter 11

**ORDER APPROVING SETTLEMENT AND COMPROMISE
BY AND AMONG THE DEBTORS, ALLSTATE NEW
JERSEY INSURANCE COMPANY, et al., WILLIAM J.
FOCAZIO, MD, AND ENDO ASC PARTNERS, LLC,
PURSUANT TO FED. R. BANKR. P. 9019**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED.**

DATED: **September 27, 2021**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

**THIS MATTER** having been opened to the Court by McManimon, Scotland & Baumann, LLC, counsel for William Focazio MD PA and Endo Surgical Center of North Jersey, P.C., (collectively, the "Debtors"), the chapter 11 debtors, upon the filing of a motion for an order approving a compromise and settlement by and among the Debtors, Allstate New Jersey Insurance Company, William J. Focazio MD, and Endo ASC Partners, pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019 and granting other and related relief (the "Motion"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and notice of the Motion being good and sufficient and no further notice of the relief requested in the Motion is required; and after due deliberation and cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES that:**

A.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     As evidenced by the Certificate of Service filed with the Court and based on the representation of counsel at the hearing: (i) proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Rules 2002, 6004, 9007, 9014 and  019; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the hearing or entry of this Order shall be required.

C.     A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

4831-7462-0922, v. 1

D.      The Settlement is in the best interests of the Debtors, their creditors and bankruptcy estate.

E.      The consideration in connection with the Settlement is fair consideration and constitutes reasonable equivalent value.

F.      The Debtors have articulated sound business reasons for consummating the transactions set forth in the Settlement and it is a reasonable exercise of the Debtors' business judgment to consummate the Settlement.

**IT IS ORDERED that:**

1.      The Motion be and hereby is **GRANTED** as set forth herein.

2.      Any and all objections to the Motion or to the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled and denied. The Court notes that no objections were filed.

3.      The terms of the Settlement are hereby authorized and approved in full.

4.      The Parties are authorized and directed to consummate the Settlement, perform their respective obligations thereunder when due, and take such other actions as are necessary to execute and deliver all documents referenced in, contemplated by, or otherwise necessary to effectuate the Settlement without any further authorization of the Court.

5.      The Settlement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the Parties thereto, in a writing signed by the Parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors.

6.      The stay provisions contained in Fed. R. Bankr. P. 6004(h) are hereby waived.

4831-7462-0922, v. 1

7.      This Order and the Settlement shall be binding upon and inure to the benefit of the Debtors, Allstate New Jersey Insurance Company, William J. Focazio MD, and Endo ASC Partners, and each of their respective former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, shareholders, principals, members or agents. This Order shall be fully binding and remain in full force and effect.

8.      William J. Focazio's bankruptcy case shall be dismissed.

9.      The Settlement be and hereby is approved in all respects as it affects the Debtors.

10.     The failure to specifically include any particular provision of the Settlement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Settlement and each and every provision, term and condition thereof be authorized and approved in their entirety.

10.     This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Settlement and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order and the Settlement, or the rights and duties of the Parties hereunder or thereunder, including without limitation, (i) interpretation of the terms, conditions and provisions thereof, and (ii) all issues and disputes arising in connection with the relief authorized herein.

11.     The provisions of this Order are non-severable and mutually dependent.

4831-7462-0922, v. 1